## W. K. MORRISON & COMPANY v. MINNIE SLONCZYNSKI AND OTHERS.

### MINNIE SLONCZYNSKI, APPELLANT.[1]

January 23, 1920.

No. 21,707.

**Modification of contract — consideration.**

1. A contractor sublet the painting on a new building for $100 to respondent. He painted the exterior, but was unable to paint the interior, because work on the building stopped and the interior finish was not in place. He then filed a lien for the work done. Evidence that at the time of letting the subcontract it was expected the work would be done by January; that in April the contractor informed respondent that work would be resumed and requested respondent to complete his work as soon as the carpenters were through; that respondent told the contractor he expected to do the work in the winter when work was slack and he could not afford to do the work in his busy season, the spring, for the old price, and it was agreed that $125 was the reasonable value of the work and respondent should complete the job for that price. Judgment was granted for $125. *Held*: Under the authority of King v. Duluth, M. & N. Ry. Co. 61 Minn. 482, 63 N. W. 1105, the matters testified to furnished sufficient consideration for a modification of the original contract. [Reporter.]

**Mechanic's lien — owner cannot object on appeal from judgment in favor of subcontractor.**

2. Where in a proceeding to foreclose a mechanic's lien judgment is given in favor of a subcontractor on a building contract for the modified contract price, and the contractor does not complain, it is difficult to see how the owner of the property is damaged, when respondent's work was reasonably worth the amount of the judgment. [Reporter.]

Action in the district court for Hennepin county to foreclose a mechanic's lien. The case was tried before Molyneaux, J., who made findings and ordered

[1]Reported in 175 N. W. 992.

judgment in favor of Gust Lundgren, a lien holder, and dismissed the actions as to defendants Doer and Aasen. From the judgment entered insofar as Gust Lundgren was awarded a personal judgment for $157.97 against defendant Ahl, defendant Minnie Slonczynski appealed. Affirmed.

*A. B. Darelius*, for appellant.

*Everett Moon*, for respondent.

PER CURIAM.

The undisputed evidence, in this action to foreclose a mechanic's lien, is that one Ahl had a contract to erect a building for appellant in the fall of 1916; that Ahl sublet the painting to respondent for $100; that, although no specific date was set for finishing the painting, it was contemplated that the building would be finished by the new year; that by the middle of December, 1916, respondent had painted the outside, which was reasonably worth $40; that thereafter the work on the building stopped with nothing of the inside finishing done, so that respondent was unable to do the painting on the inside as agreed; that some time previous to April, 1917, respondent filed a mechanic's lien for the work done; that in April Ahl notified respondent that work on the building would be resumed, and requested respondent to do the inside painting as soon as the carpenters were through; that respondent then told Ahl that he had taken the contract, understanding that the painting could be done during the winter when work was slack, and that he could not now in the spring, the busy season, afford to do it for the original price; that thereupon Ahl agreed to give him $25 more, or in all $125 for the same work he in the fall had promised to do for $100, and that respondent accepted Ahl's terms and finished the work, which was of the reasonable value of $125. The court granted a judgment and lien for $125.

The only proposition urged on the appeal is that there was no consideration for the modified contract, hence the recovery should have been limited to $100. But it seems to us that under the authority of King v. Duluth, M. & N. Ry. Co. 61 Minn. 482, 63 N. W. 1105, the only case to which we are cited by appellant, a legal consideration was shown. Through no fault of respondent there was a cessation of the work on the building so that he could not finish his part within the time contemplated when he took the job. Because of this default, it is immaterial whether it was appellant's or Ahl's, respondent was forced to file a lien to protect his rights in case construction was not resumed, and he had to do the work during the busy season, instead of during the slack, as was in the minds of the parties when the original agreement was made. We think these matters furnish a sufficient consideration for a modification of the original contract. Appellant was not a party to the contract. Ahl does not offer any objection to the validity of the modification,

and it is difficult to see wherein appellant is injured or damaged, for respondent's work was reasonably worth $125.

Judgment affirmed.